<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**M.R.,**[1]

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

Defendant.

Civil Action No. 25-569 (ZNQ)

**OPINION**

---

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff M.R.'s ("Plaintiff") appeal of the Social Security Administration's ("Defendant") January 25, 2024 denial of Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (the "Act"). (ECF No. 1.)  The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 5), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and properly within the ALJ's decision-making authority.  Accordingly, the ALJ's decision to deny Plaintiff DIB and SSI will be **AFFIRMED**.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

1

## I.     BACKGROUND AND PROCEDURAL HISTORY

### A.     PROCEDURAL POSTURE

On March 10, 2022, Plaintiff filed an application for DIB, SSI, and disabled widower's benefits, alleging disability beginning on December 31, 2008.  (AR at 18.)  His claims were denied on initial and reconsideration review.  (AR at 18.)

At Plaintiff's request, an ALJ held a hearing on September 5, 2023, at which Plaintiff and an impartial vocational expert testified.  (AR at 18.)  At the hearing, Plaintiff's representative amended the alleged onset date of disability to October 9, 2019.[2]  (AR at 18, 45–47.)  On January 25, 2024, the ALJ issued a written decision finding that Plaintiff was not disabled under the Act.  (AR at 18–30.)  The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (AR at 1.)

On January 16, 2025, Plaintiff filed a Complaint in the District of New Jersey seeking a review of the ALJ's decision.  (ECF No. 1.)  Plaintiff thereafter filed a brief in support of his appeal.  (ECF No. 7.)  Defendant filed an Opposition ("Opp. Br.," ECF No. 9), to which Plaintiff filed a reply (ECF No. 10).

### B.     ALJ DECISION

The ALJ denied Plaintiff's DIB and SSI application.  (AR at 18–30.)  Following the Act's five-step disability determination process, the ALJ made several findings.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity after his alleged disability onset date of October 9, 2019.  (AR at 21.)  At step two, the ALJ found

---

[2] As a result of this amendment, Plaintiff was not entitled to a period of disability and DIB under Title II of the Act because Plaintiff would not have disability insured status on the date of onset.  (AR at 18.)  Additionally, Plaintiff was not entitled to widower's insurance benefits on the basis of disability, as the prescribed period was expired as of the date of onset.  (AR at 18.)  Plaintiff voluntarily withdrew his request for a hearing as it pertained to the application for a period of disability and DIB and widower's benefits.  (AR at 18.)

2

Plaintiff has the following severe impairments: neuropathy; degenerative disc disease; depressive disorder; anxiety disorder; post-traumatic stress disorder; and alcohol abuse in remission. (AR at 21.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 21–23.)

At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations: Plaintiff can stand and walk for a total of four hours in an eight-hour workday; Plaintiff must change positions every 60 minutes, then remain in the new position for up to five minutes before returning to the previous position; occasional climbing of stairs; occasional balancing, stooping, crouching, and kneeling; no climbing ladders; no crawling; no exposure to vibration or to extreme heat/cold; no exposure to workplace hazards; no operation of foot controls; moderate noise level environment; simple tasks; occasional interaction with the public; no team or tandem tasks; and frequent interaction with supervisors. (AR at 23–28.) The ALJ further found that although Plaintiff had previously worked as an electrician, an individual with Plaintiff's assessed residual functional capacity ("RFC") would no longer be able to perform the duties of an electrician. (AR at 28.)

At step five, the ALJ accepted the testimony of the vocational expert and concluded that Plaintiff could perform several representative occupations that exist in significant numbers in the national economy. (AR at 28–29.) Accordingly, the ALJ found Plaintiff not disabled from December 31, 2008 through January 25, 2024. (AR at 29.)

## II.   SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), which authorizes judicial review of final decisions of the Commissioner of Social Security.  The Appeals Council denied Plaintiff's request for review, rendering the ALJ's January 25, 2024 decision the Commissioner's final decision.  (AR at 1.)

## III.   LEGAL STANDARD

### A.   STANDARD OF REVIEW

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir. 2001).  To survive judicial review, the Commissioner's decision must be supported by substantial evidence.  *See Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)).  In other words, substantial evidence "may be somewhat less than a preponderance of the evidence."  *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir. 1971).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder."  *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005) (citation modified).  Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record.  *See Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001).  The court must "review the record as a whole to determine whether substantial evidence supports a factual finding."  *Zirnsak v. Colvin,* 777 F.3d

4

607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999)). And "since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper. *Cotter v. Harris,* 642 F.2d 700, 706–07 (3d Cir. 1981).

### B.    APPLICABLE LAW

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.,* 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.,* 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows.

At step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1520(b). If so, the inquiry ends because the claimant is not disabled.

At step two, the ALJ decides whether the claimant has a "severe impairment" or combination of impairments that considerably restricts the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment, then the inquiry ends because the claimant is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the claimant's impairment or combination of impairments meets the severity of an impairment in the Listing of Impairments found at 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(d). If so, then the claimant is presumed to be disabled if the impairment has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the claimant's RFC and analyze whether Plaintiff can perform past relevant work. *See* 20 C.F.R. § 404.1520(e). Under 20 C.F.R. § 404.1545, a claimant's RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a work setting." If the claimant can perform past relevant work, then the inquiry ends because the claimant is not disabled. *See* 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the claimant, considering the claimant's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(g). If the ALJ determines that the claimant can do so, then the claimant is not disabled. Otherwise, the claimant is presumed

to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## IV.    **DISCUSSION**

The only disputed issue on this appeal stems from step five of the sequential disability determination.   Plaintiff asserts that vocational evidence relying upon "hasty generalizations, namely inadequate sample sizes[ ] and non-representative sampling" cannot meet the Commissioner's burden of proof at step five.  (Moving Br. at 1.)  In response, Defendant argues that the vocational expert's testimony, professional experience, and observations provided more than a mere scintilla of evidence required for a showing of the required substantial evidence. (Opp'n Br. at 7.)

At step five of the sequential evaluation process, the burden shifts to the Commissioner to demonstrate that Plaintiff, given his RFC and vocational profile, can perform other work existing in significant numbers in the national economy.  *See* 20 C.F.R. § 404.1520(g); *Smith,* 631 F.3d at 634.  Testimony from a vocational expert in response to a hypothetical question that fairly reflects the claimant's established limitations constitutes substantial evidence sufficient to satisfy the Commissioner's burden at step five.  *See Plummer v. Apfel,* 186 F.3d 422, 431 (3d Cir. 1999); *Rutherford,* 399 F.3d at 553–54.

Here, the ALJ relied on vocational expert testimony to conclude that an individual with Plaintiff's RFC and vocational profile—a younger individual with at least a high school education and no qualifying past relevant work—could perform several occupations existing in significant numbers in the national economy. (AR at 28–29.)  The vocational expert testified that, given all of Plaintiff's factors, Plaintiff would be able to perform the requirements of representative occupations such as "marker (D.O.T. 209.587-034), a light, SVP-2 occupation with 53,000 jobs in

the national economy; and order caller (D.O.T. 209.667-014), a light, SVP-2 occupation with 14,000 jobs in the national economy." (AR at 29.)

The ALJ also determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). (AR at 29.) The vocational expert acknowledged that the DOT does not specify time requirements for standing or walking as to light occupations like marker or order caller, but noted that light work may involve significant standing and walking. (AR at 29.) Additionally, the vocational expert explained that the DOT does not discuss sit-stand options in any form. (AR at 29.) To supplement the DOT's limitations, the vocational expert testified that she based her testimony on her professional experience and knowledge of how these jobs are performed in the national economy. (AR at 29.)

In a post-hearing submission prior to the ALJ's decision, Plaintiff objected to the vocational expert's testimony as to marker and order caller occupations, asserting that the expert did not use a reliable methodology. (*See* AR at 29; 347–8.) Specifically, Plaintiff took issue with the fact that the vocational expert only observed "two . . . [m]arker jobs out of 53,000" and "one . . . [o]rder [c]aller job out of 14,000." (Moving Br. at 5; *see also* AR at 347.)

As part of his January 25, 2024 written opinion, the ALJ overruled Plaintiff's objection. (AR at 29.) The ALJ explained that because the DOT is silent as to sit-stand options, the vocational expert's testimony can be used to fill any gaps. (AR at 29.) The ALJ determined that the vocational expert is qualified in the field and noted that Plaintiff did not object to the vocational expert's qualifications at the hearing itself. (AR at 29.) As a result, the ALJ found the vocational expert's testimony within her realm of expertise and persuasive. (AR at 29.)

On this appeal, Plaintiff renews his objection to the vocational expert's testimony. He maintains the expert's sample sizes are insufficient and cannot possibly meet the substantial

evidence bar, and claims that this case "presents an issue of first impression in the context of social security cases."  (Moving Br. at 9.)

This Court finds no reason to disturb the ALJ's step five determination.  Plaintiff relies on cases outside of the Social Security Administration ("SSA") context in support of his argument. Plaintiff disregards that, by statute, SSA cases are not governed by the strict evidentiary rules applicable in other cases.  *See* 42 U.S.C. § 405(b)(1) ("Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure.").

Plaintiff cites *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) in support of his argument—but *Daubert* also does not apply in SSA cases.  *Michele C. v. Kijakazi*, Civ. No. 21-2051, 2022 WL 5242283, at *15 (D.N.J. Oct. 6, 2022); *Welsh v. Comm'r Soc. Sec.*, 662 F. App'x 105, 109–10 (3d Cir. 2016).

In *Michele C.*, the plaintiff's questioning of the vocational expert tracked *Daubert*'s proposition that an expert's testimony requires valid scientific knowledge or a grounding in the methods and procedures of science.  2022 WL 5242283, at * 15.  The district court rejected the plaintiff's argument and held that *Daubert* is inapplicable to SSA proceedings.  *Id.*

Likewise, in *Welsh*, the Third Circuit joined the Second Circuit to criticize the Seventh Circuit's requirement that an SSA ALJ engage in an inquiry similar to one under Federal Rule of Evidence 702 if a claimant challenges the reliability of an expert's opinion.  662 F. App'x at 109 ("We have not adopted it, nor has any court outside the Seventh Circuit.")[3]

---

[3] Similarly, although Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert to provide underlying data upon request, Rule 26 does not apply in SSA hearings because "Congress intended those proceedings to be 'informal' and . . . that the 'strict rules of evidence, applicable in the courtroom, are not to' apply."  *Biestek v. Berryhill*, 587 U.S. 97, 101 (2019) (citing *Perales*, 402 U.S. at 400; 42 U.S.C. § 405(b)(1)).

Plaintiff cites to two cases in support of the assertion that three jobs is insufficient to uphold Defendant's step-five burden of proving a significant number of jobs Plaintiff can perform exist in the national economy. (*See* Moving Br. at 29, n.13.) These cases are easily distinguishable.

First, in *Leonard v. Heckler*, 582 F. Supp. 389 (M.D. Pa. 1983), the vocational expert was "reluctant to characterize" the number of jobs in the national economy and only did so "after the ALJ had reminded him that the national economy is 'pretty broad.'" *Id.* at 391–92. Further, the ALJ failed to determine whether the plaintiff actually required a totally dust-free environment. *Id.* at 392. If the plaintiff did not, there could be thousands of jobs in the regional economy open to him, as opposed to a smaller number of dust-free options. *Id.*

Plaintiff also relies upon *Horos v. Kijakazi*, Civ. No. 21-1803, 2023 WL 2742754 (M.D. Pa. Mar. 31, 2023). In *Horos*, the district court held that 7,000 jobs existing in the national economy was "insufficient to establish that [an] . . . occupation . . . exists in significant numbers in the national economy." *Id.* at *5. Here, Plaintiff ignores that the vocational expert identified two *categories* of jobs—not individual jobs—that far exceed that 7,000 number: (1) marker, with 53,000 jobs in the national economy; and (2) order caller, with 14,000 jobs in the national economy. (AR at 29.)

For the foregoing reasons, this Court holds that substantial evidence supports the ALJ's determination that Plaintiff is capable of performing two jobs that exist in significant numbers in the national economy. *See Penrose v. Comm'r of Soc. Sec.*, Civ. No. 20-11, 2020 WL 7640585, at *7 (D.N.J. Dec. 23, 2020).

## V.      CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision.  An appropriate

Order will follow.


Date: April 28, 2026


s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

11